**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4165**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MONTAVIS ANTWANN MCSWAIN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00390-RJC-8)

———————

Submitted: July 31, 2008          Decided: August 7, 2008

———————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montavis Antwann McSwain appeals from his conviction and 120-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine base. McSwain's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the constitutionality of 21 U.S.C. § 841 (West 1999 & Supp. 2008), and the reasonableness of the sentence, but stating that there was no merit to the appeal. McSwain filed a pro se brief asserting that his sentence was enhanced based on an uncounseled juvenile conviction and requesting a reduction of his sentence based on a recent amendment to the Sentencing Guidelines. Our review of the record discloses no reversible error; accordingly, we affirm McSwain's conviction and sentence.

Initially, we note that McSwain's challenge to the constitutionality of § 841 has been rejected by this court. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994). To the extent that McSwain seeks to have this court reconsider its decisions, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that."* Scotts Co. v.

---

*The recent Supreme Court decision Kimbrough v. United States, 128 S. Ct. 558 (2007) (holding that district court has discretion to find "that the crack/powder disparity yields a sentence 'greater

<u>United Indus. Corp.</u>, 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citations omitted).

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007); <u>see</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. <u>Pauley</u>, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within guideline sentence).

The district court followed the necessary steps in sentencing McSwain, and we find no abuse of discretion in the 120-month sentence imposed. McSwain's challenge to the use of a juvenile conviction to enhance his sentence is meritless. McSwain was tried as an adult on that offense and he was represented by counsel. Accordingly, we affirm McSwain's sentence.

---

than necessary' to achieve § 3553(a)'s purpose, even in a mine run case"), did not find § 841's penalty provisions unconstitutional.

McSwain also seeks a reduction in his sentence pursuant to Amendment 706 to the sentencing guidelines, which lowered the base offense level for drug offenses involving crack cocaine. See U.S. Sentencing Guidelines Manual (USSG) § 2D1.1 (2007); USSG App. C. Amend. 706. It is for the district court to first assess whether and to what extent a criminal defendant's sentence may be affected by Amendment 706, either sua sponte or by motion pursuant to 28 U.S.C.A. § 3582(c)(2) (West 2000 & Supp. 2008). United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm McSwain's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED